## SILAS *v.* CITY OF ATLANTA.

No. 6489.   DECEMBER 13, 1928.

Aldine & Hewitt W. Chambers, for plaintiff.

J. L. Mayson and C. S. Winn, for defendant.

BECK, P. J. (After stating the foregoing facts.) There was evidence authorizing the court to find that the material and controlling contentions made by the City of Atlanta in its answer had been sustained. Whether the bond commission had all the power with which it seems to be vested or not, and whether the resolution

by the city council and the action of the board of education would of itself have been sufficient to authorize the Dolvin Realty Company to remove the buildings on the lot in controversy without any action on the part of the bond commission, nevertheless, while a controversy as to Dolvin's or the Dolvin Realty Company's right to remove these buildings was pending, the realty company, by Oliver Dolvin, president and general manager, made the following written agreement and stipulation in a letter to the chairman of the board of education of the City of Atlanta: "The undersigned, holder of options and warranty deed, on the State-Haygood school lot, recently bargained to board of education of the City of Atlanta, hereby agrees that if chairman of board of education will approve the voucher for money agreed to pay for this lot by said City of Atlanta, the undersigned hereby binds himself and agrees not to remove anything from said property until authorized by action of board of education of City of Atlanta, the bond commission, and mayor and general council." Under this express stipulation not to remove "anything from the property until authorized by action of the board of education, the bond commission, and mayor and general council," neither the Dolvin Realty Company nor its agent, nor a purchaser from it could move the houses from off this lot, even if the stipulation in the option given by Oliver Dolvin, to the effect that Dolvin "will agree to clear the property of all improvements at no cost to the city and with no charge from the city to me," amounted to a reservation of the title to the houses or improvements on the lot and the right to remove them therefrom. Even if the evidence which was offered by the plaintiff and excluded by the court had been introduced, it could not have materially affected the controlling issue in this case. Consequently the court did not err in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*